JOURNAL ENTRY and OPINION
Appellant Kevin Gomolka appeals the decision of the Garfield Heights Municipal Court finding him guilty of assault. Appellant assigns the following two errors for our review:
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, AND VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS BY FINDING HIM GUILTY OF ASSAULT WHERE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT SUCH A FINDING.
 II. APPELLANT'S CONVICTION MUST BE REVERSED BECAUSE THE TRIAL COURT'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
Having reviewed the record and the legal arguments of the parties, we affirm the trial court's decision. The apposite facts follow.
At the appellant's assault bench trial, the prosecution for Garfield Heights presented the sole testimony of Garfield Heights police Officer Dupont. Dupont testified that he arrived at the Davidson's home after receiving a neighbor's call about a disturbance there, which involved appellant. Upon Dupont's arrival, appellant fled the scene; however, another officer later apprehended him within minutes not far from the Davidson's home.
Officer Dupont met Mary Davidson, Ann Davidson's mother, outside her home, and she directed him inside to her daughter. When Officer Dupont entered the home, he observed Ann Davidson crying, her lip swollen, some blood on her lip, and a red mark on her face. Officer Dupont stated that Ann Davidson told him that appellant grabbed her and slapped her in the face. Neither Ann Davidson nor her mother wanted to swear out a complaint. On June 8, 1998, Officer Dupont executed a complaint charging appellant with assault.
Ann Davidson testified for the appellant and admitted they argued and admitted she cried. However, she testified appellant never touched her. Further, she attributed her swollen face to severe chapped lip.
Mary Davidson also testified for appellant and admitted she overheard the argument between her daughter and appellant. However, she testified she did not see appellant assault her daughter, nor did her daughter inform her she had been assaulted. She testified her daughter's physical appearance before and after appellant's visit remained the same. She also attributed the condition of her daughter's lip to severe chapping.
Having heard the testimony of Officer Dupont and the Davidsons, the court found appellant guilty. The court sentenced appellant to ten days in jail and two years probation with counseling. This appeal followed.
In his first assigned error, appellant argues the trial court erred because it based its guilty finding on insufficient evidence. We disagree.
Whether the evidence is legally sufficient to present to the jury or sustain a jury's verdict is a law question for the court to decide. State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546, citing State v. Robinson (1955), 162 Ohio St. 486,124 N.E.2d 148, 149. We, of course, are not required to defer to the trial court on law questions, and as such, we review this matter de novo. State v. Wilson (Feb. 18, 2000), Adams App. No. 99CA672, unreported, citing Thompkins, 78 Ohio St.3d at 386,678 N.E.2d at 546.
Thus, we undertake the broadest review and will not reverse the trial court unless we conclude that a reasonable factfinder on these facts could only find the appellant not guilty. To find the appellant not guilty, we must review the evidence in the light most favorable to the prosecution and then conclude as a matter of law that a rational factfinder could only reach the conclusion that the state's evidence failed to prove all the essential elements of the offense beyond a reasonable doubt. See Jenks,61 Ohio St.3d at 273, 574 N.E.2d at 503. State v. Lindsey (2000),87 Ohio St.3d 479, 482, 721 N.E.2d 995, 1001, citing Jackson v.Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789,61 L.Ed.2d 560, 573, rehearing denied (1979), 444 U.S. 890,100 S.Ct. 195, 62 L.Ed.2d 126; State v. Smith (2000), 87 Ohio St.3d 424,436; 721 N.E.2d 93, 108; State v. Fears (1999), 86 Ohio St.3d 329,341, 715 N.E.2d 136, 149, reconsideration denied (1999), 87 Ohio St.3d 1421, 717 N.E.2d 1107.
Officer Dupont's testimony placed appellant at the Davidsons' home. He testified appellant struck the victim and it appeared she had sustained injury as a result. Based on this testimony and, viewed in a light most favorable to the prosecution, this evidence is sufficient to sustain a conviction for assault.
Admittedly, Officer Dupont did not witness the assault; however, circumstantial and direct evidence possess the same probative value. State v. Jenks (1991), 61 Ohio St.3d 259, 272,574 N.E.2d 492, 502.
Additionally, Ann Davidson told Officer Dupont appellant struck her. Also, the officer testified that he arrived at the behest of a concerned neighbor. In light of this evidence, we are persuaded that the State has sustained its burden of showing each of the elements of the crime of assault; appellant's first assigned error is overruled.
In his second assigned error, appellant challenges his conviction as against the manifest weight of the evidence. Appellant contends the weight of the State's evidence in light of his evidence demonstrates that the trial court lost its way and created a manifest injustice. We disagree.
The prosecution presented evidence beyond a reasonable doubt that on the date in question appellant caused or attempted to cause physical harm to Ann Davidson. The investigating officer testified he responded to a neighbor's call of a disturbance at the Davidsons' home. When he arrived, he was met by Mary Davidson, Ann's mother. The mother met him outside and directed him into the home. He observed Ann crying, her lip swollen, some blood on her lip, and a red mark on her face. The officer testified that Ann Davidson told him that the appellant grabbed her and slapped her. The prosecution presented this evidence and the State rested.
The defense presented Ann Davidson and Mary Davidson. Ann Davidson is a 15 year old who is pregnant with appellant's child. She testified appellant did nothing to her and her lips were chapped, which accounted for the redness. Her mother testified that she overheard the argument, but she did not witness an assault on her daughter. Ann never informed her that appellant had assaulted her. She confirmed that her daughter suffered from severe chapped lips.
The trial court after hearing the evidence made the factual finding that appellant had assaulted Ann Davidson, and the trial court found appellant guilty.
Under the standard of review for issues of fact, we are required to give deference to the trial court's factual findings and accept them as correct unless they are against the manifest weight of the evidence. C.F. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578, and Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273. We will not disturb a factual finding unless we disagree with the factfinder's resolution of the conflicting testimony. See Statev. Thompkins, supra, Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211, 72 L.Ed.2d 652, State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717.
The trial court obviously disbelieved Ann's trial testimony and believed her out-of-court statement to the police, which was made shortly after the alleged assault. The trial court in assessing the witnesses' credibility chose to believe Ann's original statement to the police and not her in-court version of the events. We cannot say that the trial court lost its way in that determination.
The officer clearly observed Ann's injury. No evidence exists in the record which could remotely suggest that the officer was mistaken in what he observed and heard from the victim. Accordingly, we conclude that the greater weight of credible evidence offered at trial supported the prosecution's case. Appellant's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 __________________________________ PATRICIA ANN BLACKMON, JUDGE